[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11881
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00413-ODE-LTW-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY RAY JOHNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 10, 2012)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Johnny Ray Johnson appeals the 48-month sentence imposed by the district court for his scheme to obtain beneficiaries' claim checks from Security Mutual Life Insurance Company, in violation of 18 U.S.C. § 1341. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). On appeal, Johnson argues that his sentence is procedurally and substantively unreasonable. After a thorough review of the record and briefs, we affirm.

## I.    Background

On December 9, 2011, Johnson entered a negotiated guilty plea to one count of mail fraud and one count of aggravated identity theft. A United States Probation Officer prepared Johnson's presentence investigation report (PSR) and computed Johnson's offense level to be 13 with a criminal history category of III. The PSR calculated Johnson's advisory Guidelines range to be between 18 and 24 months for the mail fraud count, which would run consecutively with a mandatory 24-month sentence for an aggravated identity theft count. Based on his consideration of the factors in 18 U.S.C. § 3553(a), the sentencing judge imposed an upward variance of 24 months on the wire fraud count. In total, Johnson will serve 72 months in prison, 48 months for wire fraud and 24 months for aggravated identity theft. Johnson, who is currently serving his sentence, now challenges the procedural and substantive reasonableness of the district court's upward variance.

## II.    Analysis

2

*A.     Procedural Reasonability*

Johnson first argues that his sentence was procedurally unreasonable because the district court did not adequately explain its reasons for the upward variance. We normally review *de novo* the sufficiency of a district court's explanation under § 3553(c)(1). *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010) (citing *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006)). The Government, however, contends that Johnson's procedural reasonableness argument should be subject to plain-error review.[1] Yet we need not address which standard of review applies, because Johnson does not prevail under either a *de novo* or a plain error standard.

To be procedurally reasonable, the district court must properly calculate the Guidelines range, treat the Guidelines as advisory, consider the § 3553(a) factors,[2] not consider clearly erroneous facts, and adequately explain the chosen sentence.

---

[1] The United States contends that this court should apply plain-error review because Johnson failed to object to the alleged procedural flaws—namely that the district court failed to explain its upward variance—at the sentencing hearing. While it is true that Johnson did not object, his attorney did explicitly state that he would appeal the district court's sentence. To date, this court has not issued a published opinion establishing the appropriate standard of review for reasonableness under these specific circumstances.

[2] The § 3553(a) factors are: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense; (3) the need to promote respect for the law and afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with education and vocational training and medical care; (6) the kinds of sentences available; (7) the Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)-(7).

*See Gall v. United States*, 552 U.S. 38, 49–50, 128 S. Ct. 586, 596–97 (2007).

*Gall*'s explanation element derives from § 3553(c)(1), which requires a district court to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). This includes an explanation for "any deviation from the Guidelines range." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

A "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). The district court need not discuss every § 3553(a) factor or even explicitly state that it has considered each of the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, its explanation will suffice if it is clear that the court considered a number of the sentencing factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). A district court making an upward variance must "have a justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012). We will only vacate the sentence "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range

4

of reasonable sentences dictated by the facts of the case." *Id.* (internal quotation marks omitted).

We are satisfied that the sentencing judge adequately explained that Johnson's criminal history and likelihood to recidivate justified an upward variance:

> THE COURT:    So I'm not—you know, this may be a case where an upward, whatever you call it these days, variance or departure, it may be that the Guideline range isn't quite right in this case. In fact it may be considerably off.
> So I am very interested in hearing what both sides have to say about that. I am very concerned about the potential for recidivism.

(D.E. 89: 9)

> THE COURT:    As far as 3553 factors go, uppermost in my mind is deterrence of the Defendant from committing further fraud crimes. I think particularly when you look at his overall criminal record, it's very clear that the potential for recidivism is quite high.
> I have taken into account the Defendant's personal characteristics. I do believe he is a competent individual. He does have some physical handicaps. He's using a cane and has some impairment to his vision. I've taken that into account as well.
> I think particularly given that he previously served a ten year sentence for fraud and then got out of prison and immediately committed another fraud speaks volumes about his potential for recidivism.

(D.E. 89: 21).

5

THE COURT:        I believe the sentence I imposed takes into account
                  and is driven by the 3553 factors.

(D.E. 89: 23).

The record convincingly demonstrates that the district court not only took into account § 3553(a)'s sentencing factors, but that it more than adequately explained its reasons for an upward variance. Those reasons—Johnson's criminal history[3] and the need for deterrence[4]—were explicitly explained to Johnson. Johnson's sentence is therefore procedurally reasonable.

B.    *Substantive Reasonability*

After an appellate court has determined that a sentence is procedurally sound, it reviews the substantive reasonableness of a sentence under an abuse-of-discretion standard. *See United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008) (per curiam). "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *Id.* at 1324. Once again, we will only reverse the sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of

---

[3] 18 U.S.C. § 3553(a)(1).

[4] 18 U.S.C. § 3553(a)(2)(B).

reasonable sentences dictated by the facts of the case." *Early*, 686 F.3d at 1221 (internal quotation marks omitted).

Johnson argues that his sentence is greater than needed, particularly in light of his family situation and the amount of time he has spent in a pretrial detention facility. For several reasons, we are convinced that the district court imposed a substantively reasonable sentence under § 3553(a).

First, Johnson's 48-month sentence for mail fraud, despite being 24 months over the Guidelines range, is still far below the 240-month statutory maximum for wire fraud. *See* 18 U.S.C. § 1341. This fact indicates that Johnson's sentence is a reasonable one. *See Gonzalez*, 550 F.3d at 1324 (holding that when a sentence below the statutory maximum, there is an indication of reasonableness); *United States v. Valnor*, 451 F.3d 744, 751–52 (11th Cir. 2006) (finding a sentence reasonable, in part because "the 42-month sentence the district court reached after considering the § 3553(a) factors and the ultimate sentence were appreciably below the length of the statutory maximum").

Further, § 3553(a)'s factors militate in favor of an upward variance in this case, especially Johnson's criminal history and the probability of recidivism. *See Early*, 686 F. 3d at 1223. The sentencing judge exhaustively recounted Johnson's criminal history, which began in 1968 and included eight federal-fraud convictions, along with ten Georgia state convictions. Even while in state custody,

Johnson forged several court orders in an attempt to modify his sentence and be released from custody. Moreover, the PSR indicated that Johnson's criminal history might be understated because he had been either in custody or under supervision for the last 35 to 40 years. The sentencing judge remarked that Johnson's criminal history was "one of the longest I've seen." (D.E. 89: 11). Similarly, in *Early* we affirmed an upward variance in part because the defendant's "criminal history [was] so extensive that he [had] been incarcerated virtually all of his adult life." *Early*, 686 F.3d at 1222. Johnson's criminal history indicates a strong disrespect for the law and a high probability of recidivism. We are certainly not convinced that the sentencing judge committed a "clear error of judgment" by imposing a 24-month upward variance to Johnson's sentence, especially when the judge's concerns about criminal history and deterrence are both required by § 3553(a) and readily apparent from the record.

## III.    Conclusion

In sum, Johnson cannot show that the district court imposed an unreasonable sentence, in either procedure or substance. Johnson's sentence is well below the maximum 240-month sentence available under 18 U.S.C. § 1341. Further the court adequately explained its reasons for the upward variance, and its reasons were supported by § 3553(a). For the foregoing reasons, the judgment of the district court is affirmed.

8

AFFIRMED.